## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

CHARLES W. O'BRIEN, as successor
trustee of First Enterprise Trust,

    Plaintiff,

v.                                                                             Case No: 5:15-cv-144-Oc-30PRL

TRANSAMERICA PREMIER LIFE
INSURANCE COMPANY,

    Defendant.

## SUMMARY JUDGMENT ORDER

Transamerica Premier Life Insurance Company's predecessor issued an annuity contract to Beth O'Brien. Ms. O'Brien opted to annuitize her Contract, electing for a life annuity with a guaranteed period of 10 years. Transamerica's administrator made annuity payments until Ms. O'Brien's death 14 years later. Now, the Contract's beneficiary, Mr. Charles O'Brien, is demanding Transamerica pay the Contract's Death Benefit. Because it does not owe the Death Benefit to Mr. O'Brien, Transamerica is entitled to judgment.

## UNDISPUTED MATERIAL FACTS

In February 1999, Peoples Benefit Life Insurance Company, the predecessor of Defendant Transamerica Premier Life Insurance Company, issued a Flexible Premium Multi-Funded Variable Annuity Contract (the "Contract") to Beth P. O'Brien. (Doc. 48-2,

pp. 28–48).[1] Ms. O'Brien named the Beth P. O'Brien Trust as beneficiary of the Contract. The Contract had an original annuity date of December 1, 2008.

The Contract contained a Return of Premium Death Benefit Rider. The relevant portion of the Death Benefit Rider provides as follows:

> **Death Benefit**
> This Rider replaces "The Death Benefit" section of your Contract with the following:
> The Death Benefit payable upon the death of the Annuitant will be the greater of:
> 1) The Accumulated Value of the Contract as of the date due Proof of Death of the Annuitant is received by the Company; or
> 2) The sum of all Premium Payments, less any Adjusted Partial Withdrawals and Premium Taxes, if any.

(Doc. 48-2, p. 28). But the Contract does not contain a section called "The Death Benefit."

Plaintiff Charles O'Brien[2] says "The Death Benefit" section comprises three sections of the Contract. The first is a section called "Death Benefit Prior to the Annuity Date." The section states: "Subject to the provision dealing with Joint Annuitants, the Death benefit is calculated and is payable upon receipt of due Proof of Death of the Annuitant, *as well as proof that the Annuitant died prior to the Annuity Date*." (Doc. 48-2, p. 38) (emphasis added). The second section is titled "Annuitant's Death Prior to Annuity Date," which explains how the "death benefit" will be divided among beneficiaries, if still

---

[1] The copy of the Contract attached to the Complaint (Doc. 1) is incomplete. The references to the Contract in this Order will refer to the copy of the Contract attached to Document 48, which, as far as the Court can tell, is complete.

[2] Mr. O'Brien purports to be, and Transamerica does not dispute in its motion that he is, the beneficiary of the Contract. Whether this is as trustee of the Beth P. O'Brien Trust is unclear. For ease of reference, the Court will simply refer to him as a beneficiary of the Contract as that is how both parties treat him in their cross motions.

2

living. Finally, there is a section called "Annuitant's Death After Annuity Date," which states, "If the Annuitant dies on or after the Annuity Date, any unpaid Payments Certain will be paid to the Beneficiary."

In March 1999, about a month after the Contract was issued, Ms. O'Brien elected to annuitize the Contract early by executing a Variable Annuity Election of Income Option. (Docs. 43-4 and 48-2, pp. 51–54). Ms. O'Brien elected to start receiving annuity payments on May 1, 1999, and was to receive the annuity payments for her life with a guaranteed period certain of 10 years. (Docs. 43-2, p. 2; and 48-2, p. 52). This makes May 1, 1999, the Annuity Date under the Contract. (Doc. 48-2, p. 33).

Vanguard Group, the Contract's administrator, sent a letter to Ms. O'Brien confirming her election and explaining that the annuitization was irrevocable. (Doc. 43-5). The Contract also explained that Ms. O'Brien would receive "payments for her lifetime with 120 monthly payments guaranteed to you or your beneficiary." (Doc. 43-5). Consistent with the "Annuitant's Death After Annuity Date" section of the Contract, the letter continued, "In the event of your death, before receiving the guaranteed 120 payments, your beneficiary will receive the remaining guaranteed payments."[3] (Doc. 43-5).

---

[3] Although not relevant to this ruling, the Court notes that Mr. O'Brien contacted Vanguard in 2006 requesting clarification of the annuitization of the Contract. In a written response, Vanguard told Mr. O'Brien that once the Contract was annuitized, "The contract owner no longer has an underlying contract value and has no access to the underlying contract value." (Doc. 43-6, p. 1). This letter is mentioned solely for the purpose of showing Mr. O'Brien was made aware of Vanguard's interpretation of the effect annuitization had on the Contract, and to show Mr. O'Brien did not seek further clarification of the Death Benefit Rider after this explanation.

3

Ms. O'Brien received monthly annuity payments until her death in May 2013, some 14 years later. This means Ms. O'Brien received the guaranteed 120 monthly payments for the period certain, plus an additional 50 payments until her death. Mr. O'Brien then demanded payment pursuant to the Death Benefit Rider, which Vanguard denied.

## SUMMARY JUDGMENT STANDARD

Motions for summary judgment should be granted only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (internal quotation marks omitted); Fed. R. Civ. P. 56(c). The existence of some factual disputes between the litigants will not defeat an otherwise properly supported summary judgment motion; "the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The substantive law applicable to the claimed causes of action will identify which facts are material. *Id.* Throughout this analysis, the court must examine the evidence in the light most favorable to the nonmovant and draw all justifiable inferences in its favor. *Id.* at 255.

Once a party properly makes a summary judgment motion by demonstrating the absence of a genuine issue of material fact, whether or not accompanied by affidavits, the nonmoving party must go beyond the pleadings through the use of affidavits, depositions, answers to interrogatories and admissions on file, and designate specific facts showing that there is a genuine issue for trial. *Celotex*, 477 U.S. at 324. The evidence must be significantly probative to support the claims. *Anderson*, 477 U.S. at 248–49.

This Court may not decide a genuine factual dispute at the summary judgment stage. *Fernandez v. Bankers Nat'l Life Ins. Co.*, 906 F.2d 559, 564 (11th Cir. 1990). "[I]f factual issues are present, the Court must deny the motion and proceed to trial." *Warrior Tombigbee Transp. Co. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983). A dispute about a material fact is genuine and summary judgment is inappropriate if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 248; *Hoffman v. Allied Corp.*, 912 F.2d 1379, 1383 (11th Cir.1990). However, there must exist a conflict in substantial evidence to pose a jury question. *Verbraeken v. Westinghouse Elec. Corp.*, 881 F.2d 1041, 1045 (11th Cir. 1989).

## DISCUSSION

Both Transamerica and Mr. O'Brien claim entitlement to summary judgment under the unambiguous terms of the Contract. Transamerica argues the Death Benefit Rider does not apply after the Contract was annuitized, and that the remaining provisions of the Contract show no more money is owed. But Mr. O'Brien argues the Death Benefit Rider, by its plain language, is still applicable because it does not contain a limitation stating it only applies if the Annuitant dies before annuitizing the Contract. Alternatively Mr. O'Brien argues that the Contract is ambiguous and interpretation must be left to a jury determination. The Court agrees with Transamerica, as discussed below.

First, the Court notes that the parties agree this dispute is governed by Ohio law. Under Ohio law, "An annuity is purely contractual in nature." *Beard v. N.Y. Life Ins. & Annuity Corp.*, 2013-Ohio-3700, ¶ 12 (Ohio Ct. App. 2013). And,

> The question of whether the language of a written agreement is ambiguous is one of law; therefore, "it may be resolved summarily." However, the interpretation of such language, once held to be ambiguous, is a factual issue turning on the intent of the parties. Summary judgment is then proper only when the documents in question are undisputed and reveal that no question exists as to intent.

*Parrett v. Am. Ship Bldg. Co.*, 990 F.2d 854, 858 (6th Cir. 1993) (internal citations omitted).

Ohio law also explains that, "In general, an annuity is an investment where a person or company is obligated to pay to the annuitant a sum of money over stated intervals during the annuitant's life, in consideration for a gross sum paid for such an obligation." *Beard*, 2013-Ohio-3700, ¶ 12; *see also Trangenstein v. Wheaton College Bd. of Trustees,* 148 Ohio App.3d 382, 384, 773 N.E.2d 602, 2002–Ohio–2937 (Ohio Dist. Ct. App. 2002) (an annuity is created by an agreement to pay a certain sum to the annuitant at certain times during the annuitant's lifetime or for a given number of years in return for what is usually a single payment to the issuer of the annuity).

With this background, the Court concludes the Death Benefit Rider applies to an annuitant's death occurring before the contract is converted to one providing annuity payments. That is, the "Annuitant's Death After Annuity Date" section—and not the Death Benefit Rider—applies here since Ms. O'Brien died *after* the Annuity Date. Under the "Annuitant's Death After Annuity Date" section, the only thing Mr. O'Brien would be entitled to receive as a beneficiary is "any unpaid Payments Certain." (Doc. 48-2, p. 40). But there were no unpaid Payments Certain since Ms. O'Brien lived longer than the 10-

year guaranteed term of the Contract. That means Mr. O'Brien is not entitled to receive any additional payments from Transamerica.

And Mr. O'Brien would not be entitled to payment of any benefit under the Contract—be it a death benefit or other—under its unambiguous terms. The Contract defines Annuitant, in relevant part, as "The person or persons … upon whose death *prior to the Annuity Date* benefits under this Contract are paid." (Doc. 48-2, p. 33). Ms. O'Brien died after the Annuity Date, so her death did not trigger payment of any benefit—including the Death Benefit—under the Contract.

Having reviewed the Contract and Variable Annuity Election of Income Option form, the Court concludes Transamerica is entitled to judgment in its favor because both the "Annuitant's Death After Annuity Date" section and definition of Annuitant are unambiguous and controlling. This result also makes sense considering how Ohio case law defines an annuity. Ms. O'Brien made an initial investment, and, in return, was guaranteed annuity payments for her life, with a minimum of 120 payments. She received those guaranteed annuity payments and then some. Nothing evinces Transamerica's intent to make annuity payments to Ms. O'Brien for life and then also pay the accumulated value of the Contract to her beneficiary upon her death. Such a result would be absurd.

So what, then, is the Court to make of the alleged ambiguity in the Death Benefit Rider that Mr. O'Brien asserts in the alternative? Specifically, Mr. O'Brien argues that the lack of "The Death Benefit" section in the Contract, which the Death Benefit Rider purports to replace, renders the Contract ambiguous. The Court need not resolve this alleged

7

ambiguity because it is immaterial to the question of what Transamerica's obligations are when the Annuitant dies after the Annuity Date.

To support this conclusion, the Court relies on the following:

- The "Annuitant" definition specifies in part that she is the person "upon whose death *prior to the Annuity Date* benefits under this Contract are paid." (Doc. 48-2, p. 33). Because the Death Benefit Rider deals with the "Death *Benefit*," and death benefits are only owed if the Annuitant dies before the Annuity Date, the Death Benefit Rider is irrelevant to what payments are owed when the Annuitant dies after the Annuity Date, as did Ms. O'Brien.

- The only section that contains "Death Benefit" in its title is the "Death Benefit Prior to Annuity Date" section. Even if the text of the Death Benefit Rider replaced the text of this section, the title would still limit its application to when the annuitant dies before the Annuity Date. (Doc. 48-2, p. 38).

- The section titled "Annuitant's Death Prior to Annuity Date" discusses how beneficiaries will be paid a "death benefit," but the "Annuitant's Death After Annuity Date" makes no reference to a "death benefit." (Doc. 48-2, p. 40).

- In the Variable Annuity Election of Income Option form, Ms. O'Brien selected the following option: "Life annuity with period certain (for both variable and fixed payments) – annuity payments are made for the life of the annuitant, with a period certain for not less than 10, 15, or 20 years, as elected." (Docs. 43-4, p. 2; and 48-2, p. 52). Nothing in the form suggests Ms. O'Brien's beneficiary would receive the death benefit in addition to the guaranteed annuity payments.

8

The only references to "benefits" or "death benefits" in the Contract are in conjunction with discussions of the Annuitant dying *before* the Annuity Date. None of the sections discussing the Annuitant dying *after* the Annuity Date mention payment of a benefit at all. Reading the Contract as a whole, the Court concludes that distinction is purposeful. Applying that distinction here, the Court concludes "The Death Benefit" section replaced by the Death Benefit Rider, whatever section that may be, would be inapplicable to these facts because Ms. O'Brien died *after* the Annuity Date. As such, the alleged ambiguity is immaterial because Transamerica does not owe a death benefit to Mr. O'Brien.

Accordingly, it is therefore ORDERED AND ADJUDGED that:

1. Defendant Transamerica Premier Life Insurance Company's Motion for Summary Judgment (Docs. 42 and 43) is GRANTED.

2. Plaintiff Charles W. O'Brien's construed cross motion for summary judgment (Docs. 47 and 48) is DENIED.

3. The Clerk is directed to enter final judgment in favor of Defendant Transamerica Premier Life Insurance Company and against Plaintiff Charles W. O'Brien, as successor trustee of First Enterprise Trust.

4. All pending motions are denied as moot.

5.      The Clerk is directed to close this file.

**DONE** and **ORDERED** in Tampa, Florida, this 14th day of February, 2017.

*/s/ James S. Moody, Jr.*
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

<u>Copies furnished to:</u>
Counsel/Parties of Record